MARION ASBELL v. THE STATE OF KANSAS.

No. 10870.

1. SUITS AGAINST THE STATE—*Express Waiver.* The state, being a sovereign power, cannot be subjected to suits by its citizens in its own courts without an express statutory waiver of its right of exemption.

2. ——— *Action for New Trial—Code Construed.* The provisions of section 242 of the code of criminal procedure, and of section 320 of the code of civil procedure, General Statutes of 1897 (Gen. Stat. 1889, ¶¶ 4405, 5275), construed together, do not express the liability of the state to an action by a convicted defendant for the recovery of a new trial by petition and issuance of summons, as provided by the last-mentioned section, with sufficient clearness to constitute a waiver by the state of its sovereign right of exemption from suit.

3. ——— *Case Distinguished.* The State v. Calhoun, 50 Kan. 523, 32 Pac. 38, distinguished.

Error from Labette district court; A. H. SKIDMORE, judge.   Opinion filed December 10, 1898.   Affirmed.

*J. D. McCue,* and *W. B. Glass,* for plaintiff in error.

*F. M. Brady,* county attorney, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: The parties to this action have adopted a practice which assimilates the controversy to a proceeding in error, without inquiring whether such practice is correct. It will nevertheless be so treated, and the parties and proceeding designated accordingly. The error claimed is in an order of the district court refusing to entertain jurisdiction of an application by the plaintiff for a new trial. Marion Asbell was convicted of the crime of murder, and upon appeal to this court the judgment of conviction was affirmed. ( *The State v. As-*

*bell*, 57 Kan. 398, 46 Pac. 770.) At a subsequent term of the district court the convict filed a petition for a new trial upon the ground of newly-discovered evidence of which he was ignorant at the time of his trial, and which he could not, therefore, with due diligence have produced at the trial. Upon this petition summons was issued and served upon the governor, the attorney-general, the secretary of state, the county attorney, and the county clerk. The county attorney made a special appearance to object to the jurisdiction of the court. He moved to set aside the service of summons upon the ground that the state, being a sovereign power, could not be sued, and that there was no provision of law by which service of summons might be made upon it. This motion was sustained, and the review of that order is the object of this proceeding.

The plaintiff bases his contention upon the provisions of section 242 of the criminal code, and of section 320 of the civil code, General Statutes of 1897. Out of these, aided by incidental reference to sections 601 to 606 of the civil code (Gen. Stat. 1889, ¶ ¶ 4669–4671, 4676), he evolves by construction the theory that the state may be sued by a convicted defendant for the recovery of an order for a new trial. Section 242 of the criminal code reads as follows :

" Verdicts may be set aside and new trials awarded on the application of the defendant, and continuances may be granted to either party in criminal cases for like causes and under the like circumstances as in civil cases."

Section 320 of the civil code reads as follows :

" Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the

Asbell v. The State.

application may be made by petition, filed as in other cases, not later than the second term after discovery ; on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 74.  The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service.  The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases ; but no such petition shall be filed more than one year after the final judgment was rendered.''

The claim is that section 242 of the criminal code incorporates within itself, by reference, section 320 of the civil code, and thereby confers jurisdiction to entertain a petition for a new trial upon the ground of newly-discovered evidence, and to issue a summons upon such petition.  A question of statutory interpretation is thus raised.  Is the first clause of section 242, '' verdicts may be set aside and new trials awarded on the application of the defendant,'' an independent provision complete within itself, or is it connected with and modified by the succeeding clause, ''for like causes and under the like circumstances as in civil cases''?  In other words, does the last-quoted clause modify the declaration that ''verdicts may be set aside,'' as well as the one that ''continuances may be granted''?  The plaintiff contends that it does.  If so, it would appear that section 320 of the civil code has been made, by adoption, a part of section 242 of the criminal code, and, in consequence, that jurisdiction exists in the courts to entertain a petition for a new trial in a criminal case.

The statute is not of easy interpretation.  It may

be read either way, accordingly as it may be punctuated, and as stress may be laid upon the different words and clauses of the sentence. Like all other statutes, it must be construed with other provisions *in pari materia.* Elsewhere, the criminal code (§§ 271, 274) makes liberal provisions for the granting of new trials to defendants, which, upon first consideration, seem to be intended to include the whole subject, and thus far throughout the history of the state they have been found ample, so far as known, to protect the rights of convicted persons in the respect in question. Again, looking at the precise language of section 242, the case of the appellant is not within its terms. It reads that "verdicts" may be set aside. The case of the appellant has gone beyond verdict; it has gone to judgment, and the statute does not read that "judgments of conviction" may be set aside.

On the other hand, it may be said that the declaration contained in section 242 that "verdicts may be set aside" is to be considered as modified by the final clause of the section, "for like causes and under the like circumstances as in civil cases," in order to enlarge the rights of defendants in criminal cases beyond those conferred by sections 271 to 274. To hold, however, that the two sections, 242 and 320, were thus amalgamated would be to burden a defendant with limitations as well as to confer upon him additional rights. Section 242 does not adopt the provisions of section 320, *eo numero,* but it adopts *all,* if any, of the provisions of the civil code relating to new trials. Some of those provisions limit the time of filing applications for new trial to the term at which the verdict was rendered, and within three days after its rendition. It will, therefore, be seen that the contention of plaintiff involves difficulties of statutory

interpretation requiring much labor and learning to resolve. In the view we have of the case it is unnecessary to undertake to resolve them.

The claim is that the statutes quoted confer upon the courts jurisdiction to entertain suits against the state. That claim, as we have shown, is based upon a theory of statutory interpretation which raises nothing beyond an implication, more or less strong. This will not suffice. "A state of the union is not liable to suit in its own courts or those of another state without its express consent." (23 A. & E. Encycl. of L. 83.) To compel a state upon theories of doubtful statutory interpretation to appear as defendant suitor in its own courts, and to litigate with private parties as to whether it had abnegated its sovereignty or its right of exemption from suit would be intolerable. Except as otherwise provided by the eleventh amendment to the federal constitution, the states, from the nature of their sovereign character, are absolved from the obligation to respond to the demands of suitors in courts. The same exemption was allowed to the sovereign power by the English constitution. The king, by virtue of his sovereignty and as the fountain of justice, was not amenable in his own courts to the suit of one of his subjects. Sovereignty here exists primarily in the people, secondarily in that political entity called the state, which stands as the representative of the people. In its grace and favor it may waive its sovereign right of exemption, but the waiver must be made in express terms, or at least in terms so clear and unambiguous as necessarily to force upon the mind the implication of waiver. "The right to sue the governor or the state is matter of favor conferred by the state in derogation of that immunity which every sovereign enjoys ; and statutes conferring

such privileges are to be construed with strictness so as to extend the right only to those by whom it was clearly intended that it should be enjoyed.'' (*Rose v. The Governor*, 24 Tex. 496.) There being no statute which in explicit terms authorized the suit by the appellant for the recovery of a new trial, the subsidiary proposition argued by counsel, that summons may be served upon the governor, the attorney-general, and other officers, need not be, in fact cannot be, reviewed.

*The State v. Calhoun*, 50 Kan. 523, 32 Pac. 38, gives no countenance to an opposing view. In that case the state had sued and recovered a judgment of conviction against the defendant. The defendant instituted a proceeding in the very same case by virtue of his being a party to the record. He did not institute a new suit such as is allowed by section 320 of the civil code. The record of his case, though apparently closed, was in reality open to him for the introduction into it of an extraneous fact properly constituting a part of it. For the purpose of his right to do this the state was still in court, and subject to the challenge of the defendant's motion.

The order of the court below setting aside the service of summons is affirmed.