### THE STATE OF KANSAS V. F. T. APPLETON.
#### No. 14,661.   (84 Pac. 753.)
#### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Grounds for a New Trial.* Under section 210 of the criminal code (Gen. Stat. 1901, § 5652) new trials may be awarded in criminal cases upon the grounds for which new trials may be granted in civil cases, if such procedure is not inconsistent with other provisions of the criminal code.

2. PARTIES—*Action against the State—Consent.* The state cannot be sued in its own courts except with its own consent, clearly conferred by act of the legislature.

3. ——— *Proceeding to Set Aside a Judgment of Conviction.* Section 210 of the criminal code (Gen. Stat. 1901, § 5652), authorizing the awarding of new trials for like causes and under like circumstances as in civil cases, and section 310 of the civil code (Gen. Stat. 1901, § 4758), providing for instituting a proceeding to obtain a new trial within one year after final judgment has been rendered, do not authorize the commencement of a proceeding against the state by one adjudged guilty of a public offense to set aside the judgment of conviction and obtain a new trial.

Appeal from Rush district court; CHARLES E. LOBDELL, judge. Opinion filed February 10, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *J. W. McCormick,* county attorney, for The State.

*David Ritchie,* and *G. R. McKee,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.:   F. T. Appleton was convicted of murder in the first degree. A motion for a new trial was denied, judgment was rendered, and an appeal was taken to this court, where the judgment was affirmed. (*The State v. Appleton,* 70 Kan. 217, 78 Pac. 445.) Afterward, and just within a year from conviction, he filed a petition asking for a new trial on the grounds that two jurors who tried him were prejudiced against him, although upon an examination of

their qualifications they answered that they were free from bias or prejudice, and that since the trial some important testimony had been discovered which could not have been sooner discovered by him. On this petition a summons commanding the sheriff to notify the state and county attorney was issued, and a copy of it was delivered to the county attorney. He appeared specially and moved the court to quash the summons for the reason that the court had no jurisdiction of the defendant, or of the subject of the proceeding; that the state, being a sovereign power, could not be sued or brought into court by service of summons, and that Appleton had no legal capacity to sue. The court granted the motion and dismissed the proceeding, and of this ruling Appleton complains.

Although his motion for a new trial, filed immediately after verdict, in pursuance of section 275 of the criminal code (Gen. Stat. 1901, § 5713), was denied, he insists that he was entitled to avail himself of the provisions of section 310 of the civil code (Gen. Stat. 1901, § 4758), which authorize a proceeding to obtain a new trial after the term at which the trial was had and within a year after final judgment. The claim is based on section 210 of the criminal code (Gen. Stat. 1901, § 5652), which provides that "verdicts may be set aside and new trials awarded on the application of the defendant; and continuances may be granted to either party in criminal cases for like causes and under the like circumstances as in civil cases." It is argued that this provision does not apply to new trials of criminal cases for two reasons: One is that the clause, "for like causes and under the like circumstances as in civil cases," applies only to continuances, and has no application to the setting aside of verdicts or the awarding of new trials. The punctuation of the section, as it is printed in the General Statutes of 1901, where there is a separating semicolon after the word "defendant," is said to support this view. The section

11—73 KAN.

was enacted in 1855 (Stat. of Kan. Ter., ch. 129, art. 6, § 17), and as then printed a comma, instead of a semicolon, was used after the word "defendant," and it appears that the same section was so punctuated in the revisions of 1859 (Kan. Stat. 1859, ch. 27, § 189), 1862 (Comp. Laws 1862, ch. 32, § 189) and 1868 (Gen. Stat. 1868, ch. 82, § 210). Punctuation of a statute is not controlling, and certainly the changed punctuation made by the printer or compiler in the recent revision would hardly be a safe guide for the interpretation of this statute. Taking the section as it was punctuated when it was enacted, or laying aside the matter of the punctuation and taking the structure of the sentence, the natural import is that the last clause of the section applies to verdicts and new trials as well as continuances. Unless the first clause of the section is modified by the last the first would seem to be superfluous, and under the general rule a construction which gives effect to statutory language is preferred over one which would make it nugatory and useless. The purpose of the legislature appears to have been to carry into the criminal code the provisions of the civil code relating to the causes and circumstances for and under which verdicts might be set aside, new trials awarded, and continuances granted, so far as they may be applicable in criminal cases.

It is further contended that section 210 of the criminal code (Gen. Stat. 1901, § 5652), which purports to borrow some of the provisions of the civil code, should not apply because section 275 of the criminal code (Gen. Stat. 1901, § 5713) specifies the causes for which a new trial may be given. It appears that section 210 is the earlier provision, it having been enacted in 1855 (Stat. of Kan. Ter., ch. 129, art. 6, § 17), while section 275 was not passed until 1859. (Kan. Stat. 1859, ch. 27, § 258.) In 1859 section 210 was reenacted and placed in the criminal code with section 275, and has been in every revision of the statutes and treated as an effective provision since 1859. The causes for a new

trial specified in section 275 are limited, and hardly meet the exigencies of an ordinary case. One illustration of its incompleteness will suffice. It provides that a new trial may be awarded for receiving unauthorized or illegal testimony, but does not authorize a new trial for the exclusion of competent testimony offered in behalf of the defendant. It has been the uniform practice from the beginning to allow new trials in criminal cases upon this ground, and in fact for every cause for which a new trial may be granted in civil cases. So it was said, in *The State v. Bogue,* 52 Kan. 79, 84, 34 Pac. 411: "We also think section 210 of the criminal code authorizes the granting of new trials for like causes as in civil cases, and that section 275 in no way prejudices the defendant's right in that particular."

It is true that some language was used by Chief Justice Doster, in *Asbell v. The State,* 60 Kan. 51, 55 Pac. 338, suggesting a contrary view, but as will be observed it was found unnecessary to determine whether new trials could be awarded in criminal cases upon the same grounds as in civil cases, and therefore no decision of the question was made, and the accepted rule was not disturbed.

While section 210 of the criminal code enlarges the grounds upon which a new trial may be awarded, neither that section nor section 310 of the civil code, singly or taken together, have the effect to authorize the institution of a proceeding against the state. The last-named section provides that where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after, the term at which a trial was had a proceeding may be brought to obtain another trial.

The proceeding contemplated by that section is in a sense a new one, brought after judgment is rendered and the parties are no longer in court. To institute the proceeding a petition must be filed and a summons issued, as is done in the commencement of a civil action. There may be actual or constructive service of the sum-

mons, the same as in ordinary cases, and unless a party is brought into court in the proper manner no jurisdiction is obtained. The case is placed on the trial docket, witnesses are examined in open court, and depositions may be taken as in other cases, and it proceeds throughout as a new proceeding. While it brings up for reconsideration the questions involved in the former case, it is distinct from that case, and the parties must be brought into court again on original process before jurisdiction to grant the relief asked is acquired.

A prerogative of sovereignty which belongs to a state is that it cannot be brought into court to answer claims made against it unless express consent to that end has been given. The power to give consent rests in the legislature, and plaintiff has not called our attention to any statute authorizing a suit against the state. It is contended here, as it was in *Asbell v. The State*, 60 Kan. 51, 55 Pac. 338, that section 210 of the criminal code, in connection with section 310 of the civil code, furnishes sufficient authority for bringing the state into court upon a summons issued at the instance of one who has been convicted of an offense. There is nothing in these sections indicating a legislative purpose of abrogating the prerogative of sovereignty and the giving of consent that the state may be sued in either civil or criminal cases. Courts cannot resort to forced constructions or questionable implications to find such consent. The rule is that as statutes giving the power to sue the state are in derogation of a sovereign power they should be construed strictly. As was said in *Asbell v. The State, supra:*

"To compel a state, upon theories of doubtful statutory interpretation, to appear as defendant suitor in its own courts, and to litigate with private parties as to whether it had abnegated its sovereignty or its right of exemption from suit, would be intolerable. . . . In its grace and favor it may waive its sovereign right of exemption, but the waiver must be made in express terms, or at least in terms so clear and unambiguous

as necessarily to force upon the mind the implication of waiver." (Page 55.)

Whether the proceeding brought by plaintiff is regarded as a common-law writ of *coram nobis,* or a statutory proceeding to obtain a new trial, the result must be the same, as the legislature has never in clear terms authorized the institution of such a proceeding against the state.

The judgment of the district court is therefore affirmed.

All the Justices concurring.