No. 27,937.

The Purity Oats Company et al., *Appellees,* v. The State of
Kansas et al., *Appellants.*

(264 Pac. 740.)

SYLLABUS BY THE COURT.

1. Declaratory Judgments—*Matters Justiciable.* The declaratory judgment
   act (R. S. 60-3127) applies in cases of actual controversy only.
2. States—*Liability of State to be Sued.* The state, being a sovereign power,
   cannot be subjected to suits in its own courts without an express statutory
   waiver of its right of exemption therefrom.
3. Same—*Liability of State to be Sued—Effect of Appearance by County
   Attorney*—In an action against the state, when there has been no statutory
   waiver of its right of exemption from such action, the fact that the county
   attorney may have appeared and answered on behalf of the state without
   raising the question of the state's exemption from being sued, gives the
   court no jurisdiction to render a judgment against the state.

Appeal from Reno district court; William G. Fairchild, judge. Opinion
filed March 10, 1928. Reversed.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-
general, *Charles Hall,* county attorney, and *John Fontron,* assistant county
attorney, for the appellants.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for
the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action for a declaratory judgment as to
whether plaintiff's method of doing business, as set forth in its pe-
tition, is in violation of the trading stamp act (R. S. 19-2210 *et seq.*),
and to enjoin the state of Kansas and its officers from interfering in
any way with the sale by plaintiff of its products in the manner set
forth in the pleadings. The plaintiff, a corporation of Keokuk,
Iowa, is a manufacturer of food products from oats. The defend-
ants are a wholesale grocery company and a retail grocer, both of
Hutchinson, and the state of Kansas. The defendants filed answers,
the county attorney answering for the state of Kansas. The case
was presented to the court on motion for judgment on the pleadings.
Judgment was rendered in accordance with the prayer of plaintiff's
petition, among other things, enjoining the state of Kansas, and

particularly its prosecuting and law-enforcing officers, from interfering with the sale of the goods, wares and merchandise of plaintiff in the manner set forth in the pleadings. The state of Kansas has appealed.

There was no jurisdiction of the court below to render the judgment. Upon the declaratory judgment feature, as between the plaintiff and the defendants, the wholesale grocery company and the retail grocer, the pleadings disclose no actual controversy. Plaintiff, in its petition, set forth its manner of doing business and alleged that it was not in violation of the statutes in question. The defendants, the wholesale grocery company and the retail grocer, in their answers admitted that plaintiff was doing business in the manner set forth in its petition, and alleged that the same was not in violation of the statutes in question. Hence, there is no controversy at all between these parties. The declaratory judgment act applies only when there is an actual controversy. (R. S. 60-3127; *West v. City of Wichita,* 118 Kan. 265, 234 Pac. 978; *Williams v. Flood,* 124 Kan. 728, 262 Pac. 563.)

So far as the action is one against the state of Kansas, it cannot be maintained for the reason that an action cannot be maintained against the sovereign without its consent. (*Asbell v. State,* 60 Kan. 51, 55 Pac. 338; *State v. Appleton,* 73 Kan. 160, 84 Pac. 753; *Nation v. Tulley,* 86 Kan. 564, 121 Pac. 507; *Construction Co. v. Board of Administration,* 105 Kan. 291, 182 Pac. 386.)

There is no showing here that the state had, by legislative act or otherwise, consented to being sued in an action of this kind. The fact that the county attorney filed an answer in the name of the state adds nothing to the jurisdiction of the court, for unless the state was authorized to be sued in an action of this kind, or the appearance of the county attorney on behalf of the state was authorized by legislative action, his act in filing an answer in the name of the state was unauthorized and did not give the court jurisdiction.

The result is that the court below had no jurisdiction on any branch of the case, and its judgment will be reversed with directions that the case be dismissed.