No. 44,809

MYRON DEAN SMITH, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(427 P. 2d 625)

Opinion filed May 13, 1967.

*Orville J. Cole,* of Garnett, argued the cause and was on the brief for the appellant.

*Wayne Loughridge,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: By this action the petitioner, who is in custody of the Warden of the Kansas State Penitentiary serving sentences for the commission of crime, seeks to attack the validity of a judgment and sentence by proceeding under K. S. A. 60-260(*b*), since K. S. A. 60-1507 is inadequate and ineffective.

The trial court denied the petitioner's motion on the ground that 60-1507, *supra*, was the petitioner's exclusive remedy, and K. S. A. 60-260 does not apply. The petitioner's motion asking that he be brought before the sentencing court for an evidentiary hearing was also denied by the trial court. Appeal has been duly perfected from these adverse orders.

On the 9th day of April, 1965, the petitioner was represented by counsel of his own choosing and entered a plea of guilty to the charge of burglary in the second degree, as defined by K. S. A. 21-520, after the county attorney dismissed counts 1, 2 and 4 of the information. He was sentenced to the Kansas State Penitentiary for a period of not less than five nor more than ten years pursuant to K. S. A. 21-523.

The record discloses a previous application by the petitioner for relief under K. S. A. 60-1507 was denied because he was serving time on other sentences and therefore entitled to no relief. (*King v. State,* 195 Kan. 736, 408 P. 2d 599.) (The maximum release date

on a sentence from the district court of Reno County is July 11, 1970, and the maximum release date on a sentence under the district court of Gove County is December 13, 1969.)

Here the petitioner's application for relief under the provisions of K. S. A. 60-260 alleges that his plea of guilty to second degree burglary was involuntarily entered because of threats and coercion on three counts which he specifically sets forth.

Assuming these allegations would be sufficient to require an evidentiary hearing under a proceeding initiated pursuant to K. S. A. 60-1507, can this proceeding under K. S. A. 60-260 be maintained where relief under 60-1507, *supra,* is inadequate and ineffective?

The appellant contends because he is foreclosed from the use of 60-1507, *supra,* by reason of former convictions and sentences, he is entitled to resort to the use of K. S. A. 60-260(*b*) which leaves all avenues of relief open to the sentencing judge.

Article 2 of the new code of civil procedure has a prefatory section (K. S. A. 60-201) pertaining to the scope of the article. It reads:

"This article governs the procedure in the district courts of Kansas and original proceedings in the supreme court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in section 60-265."

K. S. A. 60-260 is a part of Article 2.

The exceptions noted in the above quotation do not help the appellant. Section 60-260, *supra,* pertains to relief from judgment or order. Subsection (*b*) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment. . . . Writs of *coram nobis,* . . . are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in this article or by an independent action."

The source of law for 60-260, *supra,* is that part of the old code of civil procedure which appears in G. S. 1949, 60-3007 to 60-3009. The new provision has some differences but basically it provides relief under the same circumstances. A search of the cases interpreting and applying the provisions of the old code do not reveal any times in which the provisions were used in criminal cases.

A line of cases involving writs of error *coram nobis,* beginning with *State v. Calhoun,* 50 Kan. 523, 32 Pac. 38, and extending to

*State v. Chance,* 187 Kan. 27, 353 P. 2d 516, might be considered as cases dealing with a similar situation to that alleged by the appellant in the instant case, but writs of error *coram nobis* are abolished by the legislature in 60-260, *supra.* For a discussion of writs of error *coram nobis* in Kansas cases, see *State v. Miller,* 161 Kan. 210, 166 P. 2d 680. Apparently the only case in which the writ of error *coram nobis* was successfully used by a prisoner undergoing confinement in a criminal case was *State v. Calhoun,* supra.

Chapter 62, K. S. A., deals generally and specifically with procedure governing the trial of criminal cases. In specific instances reference is made to the civil code. The rules providing for the impaneling and control of a jury in civil cases are incorporated in the code of criminal procedure as provided by K. S. A. 62-1412; compelling the attendance of witnesses and their testimony is governed by K. S. A. 62-1413; and the rules of evidence, as prescribed by Article 4, Chapter 60, apply to the trial of criminal cases.

K. S. A. 62-1414 provides for the setting aside of verdicts and awarding new trials for like causes and under like circumstances as in civil cases. This section gives the appellant some solace, but it can hardly be said to resurrect the writ of error *coram nobis,* or give the appellant authority to proceed against the state under 60-260, *supra,* for relief.

Section 62-1414, *supra,* was considered and ruled upon by the court in *State v. Appleton,* 73 Kan. 160, 84 Pac. 753. There the defendant had been convicted of a felony in a criminal case and attempted to use the provision which now appears as 62-1414, *supra,* in conjunction with the civil code provision which formerly appeared as G. S. 1949, 60-3005, to set aside the verdict and judgment and obtain a new trial, but the court denied relief.

G. S. 1949, 60-3005 does not now appear in this exact form in the new code of civil procedure, but it appears that the relief provided in this section is now incorporated in K. S. A. 60-260. In the *Appleton* case the question arose when a new proceeding was instituted by the state by service of a summons on the county attorney. The court reasoned that whether the proceeding be regarded as a common-law writ of *coram nobis,* or a statutory proceeding to obtain a new trial, the result must be the same, because the legislature has never in clear terms authorized the institution of such a proceeding against the state, citing *Asbell v. State,* 60 Kan. 51, 55 Pac. 338.

Although the case at bar does not arise in the same manner as the *Appleton* case, nor under the same statutes, it does have the status of a civil proceeding in which the state is a party defendant.

The legislature by enacting K. S. A. 60-1507 specifically authorized a prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released to initiate action in the sentencing court upon the grounds specified therein to vacate, set aside or correct the sentence. We hold this to be the exclusive statutory remedy authorizing a prisoner in custody under sentence of a court of general jurisdiction to make a collateral attack upon the sentence in a criminal case, and that K. S. A. 60-260 is not available to him for this purpose.

The petitioner was represented by counsel throughout this proceeding, both in the district court and on appeal to this court.

The judgment of the lower court sustaining the state's motion for judgment on the pleadings and for summary judgment is affirmed.