No. 107,022

STATE OF KANSAS, *Appellee*, v. MICHAEL J. MITCHELL, *Appellant*.

(298 P.3d 349)

Opinion filed April 12, 2013.

*Serena A. Hawkins*, of Kansas City, was on the brief for appellant.

*Cathy A. Eaton*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: In 1995, a jury convicted Michael Mitchell of felony murder. On direct appeal, this court affirmed the conviction. *State v. Mitchell*, 262 Kan. 687, 942 P.2d 1 (1997) (*Mitchell I*). Mitchell then unsuccessfully sought relief based on allegations of ineffective assistance of counsel through two K.S.A. 60-1507 motions, one filed in 1998 and the other in 2005. In this proceeding, Mitchell filed a motion pursuant to K.S.A. 2012 Supp. 60-260(b)(4) in 2011, claiming that the district court's refusal to give his requested lesser included offense instructions on the felony-murder charge rendered void his conviction and sentence for that charge. Although Mitchell raises three issues in his brief, the case is resolved by our determination that K.S.A. 2012 Supp. 60-260(b)(4) does not provide a procedure for a criminal defendant to obtain

postconviction relief from his or her conviction or sentence. Accordingly, we affirm the district court's summary denial of Mitchell's motion to void judgment.

## FACTUAL AND PROCEDURAL OVERVIEW

The facts that led to Mitchell's convictions for felony murder and cocaine possession are detailed in *Mitchell I* and need not be fully recited here. It is enough to know that the murder occurred during a drug deal "gone wrong," in which Mitchell was an armed cocaine dealer and the shot-to-death victim was an armed cocaine buyer. 262 Kan. at 688. Accordingly, Mitchell's felony-murder charge was based on the underlying inherently dangerous felony of sale of cocaine. 262 Kan. at 691.

At trial, defense counsel requested that the district court instruct the jury on the crimes of voluntary manslaughter and involuntary manslaughter as lesser included offenses of the felony-murder charge. The district court applied the then-existing law and determined that lesser included offense instructions were not warranted for the felony-murder charge in this case because "there is substantial evidence that this all arose out of a drug transaction," that is, the evidence of the underlying felony was not so weak as to permit lesser included offense instructions.

Mitchell did not include the district court's refusal of the requested lesser included offense instructions among the issues that he raised in his direct appeal. Likewise, he did not complain about the omitted instructions in his two postconviction motions under K.S.A. 60-1507. Instead, he waited until 16 years after his conviction to seek relief on that basis by filing a 60-260(b)(4) motion in September 2011, alleging that his judgment of conviction was void because of the omitted lesser included offense instructions.

The district court summarily denied the 60-260(b)(4) motion for three reasons. First, the district court determined that the motion was filed outside of the applicable statute of limitations for motions to correct an illegal sentence and K.S.A. 60-1507, respectively, making the motion untimely. Second, the district court found that the issues could have and should have been raised in Mitchell's direct appeal or two prior 60-1507 motions, making the current

motion a successive claim. Finally, the district court determined that failure to instruct the jury on lesser included offenses of felony murder was not erroneous, *i.e.*, the motion was without merit. Mitchell filed a direct appeal to this court.

APPLICATION OF K.S.A. 2012 SUPP. 60-260(b)(4)
IN CRIMINAL CASES

Mitchell's pro se motion did not cite to *State v. Berry*, 292 Kan. 493, 254 P.3d 1276 (2011), albeit the arguments in the motion make it apparent that *Berry*'s change in the law was the impetus behind the current motion. Moreover, Mitchell's appellate brief cites to and relies upon *Berry*'s holding.

*Berry* eliminated the court-made rule that assessed the propriety of lesser included offense instructions for felony-murder charges by looking at whether the evidence of the underlying felony was weak and inconclusive. 292 Kan. at 513. Instead of the special rule for felony murder, which was utilized at Mitchell's trial, *Berry* simply applied the then-existing statutory provisions of K.S.A. 2012 Supp. 22-3414(3) to assess whether "there is some evidence which would reasonably justify a conviction of [the] lesser included crime[s]." Mitchell would apparently have us find that the effect of *Berry* was to retroactively void his 16-year-old conviction for felony murder.

Mitchell acknowledges that the current caselaw, specifically *Smith v. State*, 199 Kan. 132, 135, 427 P.2d 625 (1967), clearly establishes that K.S.A. 60-1507 is the exclusive remedy for a prisoner to collaterally attack a conviction and sentence in a criminal case; K.S.A. 2012 Supp. 60-260(b) is not available for that purpose. But Mitchell asserts that he is foreclosed from seeking relief under K.S.A. 60-1507 because he has already filed two previous 1507 motions and the time limitation of K.S.A. 60-1507(f) has run, *i.e.*, a 1507 motion now would be susceptible to dismissal as being untimely and successive, just like his second, 2005 motion. Accordingly, Mitchell urges us to overrule *Smith* in order to permit K.S.A. 2012 Supp. 60-260(b)(4) to be available to correct an allegedly void criminal conviction and sentence where all other avenues available to a criminal defendant have been exhausted. For the several rea-

sons set forth below, we decline Mitchell's invitation to create an alternate postconviction relief mechanism for criminal defendants through the relief from civil judgment procedure of K.S.A. 2012 Supp. 60-260(b)(4).

*Standard of Review*

Our determination of whether K.S.A. 2012 Supp. 60-260(b) can be utilized by a criminal defendant to present a postconviction challenge to his or her conviction or sentence, after the generally exclusive remedy under K.S.A. 60-1507 has been foreclosed, involves issues of statutory and caselaw interpretation and is therefore a question of law. See *State v. Carapezza,* 293 Kan. 1071, 1075, 272 P.3d 10 (2012). This court exercises unlimited review over questions of law. *State v. May,* 293 Kan. 858, 862, 269 P.3d 1260 (2012).

*Analysis*

We begin with the precedent that Mitchell concedes is directly contrary to his position. In *Smith,* the defendant sought to challenge the voluntariness of his guilty plea to a charge of second-degree burglary. He first sought to collaterally attack his sentence through a K.S.A. 60-1507 motion, but he was denied relief because he was incarcerated on other sentences at the time. The defendant then attempted to file a motion pursuant to 60-260(b), claiming that procedure was available because he was foreclosed from using a 60-1507 motion. The *Smith* court disagreed with that rationale, explaining:

"The legislature by enacting K.S.A. 60-1507 specifically authorized a prisoner in custody under a sentence of a court of general jurisdiction claiming the right to be released to initiate action in the sentencing court upon the grounds specified therein to vacate, set aside or correct the sentence. We hold this to be the exclusive statutory remedy authorizing a prisoner in custody under sentence of a court of general jurisdiction to make a collateral attack upon the sentence in a criminal case, and that K.S.A. 60-260 is not available to him for this purpose." 199 Kan. at 135.

Obviously, if we simply apply *Smith*'s holding—that K.S.A. 60-1507 is the *exclusive* statutory remedy to collaterally attack a sentence and that K.S.A. 2012 Supp. 60-260 is not available to a crim-

inal defendant for that purpose—we must affirm the district court's denial of Mitchell's motion. Although Mitchell appears to concede that he loses this appeal unless this court overrules *Smith*, he fails to present any credible legal reason for our abandoning the prior ruling. Rather, he appears to make an equitable argument based upon our changing the felony-murder rule on lesser included offense instructions in *Berry*. In that vein, Mitchell contends that we should abandon or modify the *Smith* rule to allow prisoners to attack their sentences with a 60-260(b)(4) motion whenever relevant new caselaw is established after the prisoner is foreclosed from pursuing a K.S.A. 60-1507 motion. That argument is statutorily, equitably, and logically unsupportable.

The *Smith* rule finds support in our statutes and Supreme Court Rules addressing K.S.A. 60-1507. K.S.A. 60-1507(e), labeled "Exclusiveness of remedy," provides that the remedy of a writ of habeas corpus is excluded where a prisoner is authorized to apply for relief with a 1507 motion, suggesting that K.S.A. 60-1507 is the exclusive postconviction procedure. Further, Supreme Court Rule 183(b) (2012 Kan. Ct. R. Annot. 275) provides: "The remedy afforded by K.S.A. 60-1507 is exclusive unless it is inadequate or ineffective to test the legality of a movant's custody."

On the flip side, K.S.A. 2012 Supp. 60-260(b) is part of the Kansas Code of Civil Procedure and is contained within Article 2 of Chapter 60 of the Kansas Statutes Annotated. *Cf.* K.S.A. 22-2101 *et seq.*, the Code of Criminal Procedure. K.S.A. 2012 Supp. 60-201(b) provides that Article 2 governs the procedure in all *civil* actions and proceedings, other than limited actions. What Mitchell sought to do with his K.S.A. 2012 Supp. 60-260(b)(4) motion was to set aside the judgment of conviction in his *criminal* proceeding; the motion was filed in criminal case number 95CR0001. Mitchell does not explain why the civil procedure in 60-260 should be applied to a criminal proceeding when the specifically provided procedure to set aside a criminal judgment is set forth in K.S.A. 60-1507.

Further, the *Smith* rule is consistent with the Tenth Circuit's analysis of the federal counterpart to K.S.A. 2012 Supp. 60-260, Fed. R. Civ. Proc. 60. See *United States v. McCalister*, 601 F.3d

1086, 1087 (10th Cir. 2010) (holding that motion under Rule 60(b) is civil motion not available to defendant challenging his sentence in criminal proceeding). In short, even following our mandate to consider all of the various provisions of the Code of Civil Procedure together, see *State v. Breedlove*, 285 Kan. 1006, 1015, 179 P.3d 1115 (2008), we cannot discern that K.S.A. 2012 Supp. 60-260(b) was intended for use in a criminal proceeding to obtain postconviction relief from a conviction and sentence.

Likewise, Mitchell's contention that he should get relief under K.S.A. 2012 Supp. 60-260(b) because his 60-1507 motion would be dismissed as untimely and successive is unavailing and unpersuasive. First, Mitchell conveniently ignores that the 1-year limitations period on 1507 motions is not a per se bar; the time limit may be extended by the court to prevent a manifest injustice. K.S.A. 60-1507(f)(2). Moreover, the 60-260(b) motion also has the limitation that it must be filed "within a reasonable time." K.S.A. 60-260(c)(1). So, switching the label from 60-1507 to 60-260 on a motion seeking relief 16 years after a ruling by the trial judge might not solve Mitchell's timeliness problem. In short, the reasonableness of the delay in seeking relief can be assessed under the existing rules applicable to the exclusive remedy of a 1507 motion.

Next, Mitchell's perceived need to utilize a 60-260(b)(4) motion to avoid a dismissal of a successive 1507 motion overlooks the exception to that proscription. Successive 1507 motions may be permitted for "exceptional circumstances" which we have defined as including " ' "unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding." ' " *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011) (quoting *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 [2004]). Mitchell is relying on the *Berry* change in the law to entice us to overrule *Smith*, when the same argument could be made under our current framework to entice the allowance of a successive 1507 motion on exceptional circumstances.

In other words, if the law and equities are on Mitchell's side, he has as much chance to obtain relief under 60-1507 as under 60-260(b)(4). Indeed, an argument can be made that his chances are

better with a 1507 motion, because he is seeking 60-260(b)(4) relief for a *void* judgment. Mitchell would have to show something more than trial error to establish that his judgment of conviction was void.

"A judgment is not void merely because it is erroneous or because some irregularity inhered in its rendition. It is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or if the court acted in a manner inconsistent with due process." *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan. App. 2d 393, Syl. ¶ 2, 808 P.2d 881 (1991).

The failure to give requested lesser included offense instructions, which is Mitchell's complaint, is subject to a harmless error analysis. See *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 (2012) (if district court erred in refusing to give requested instruction, appellate court must determine whether error harmless). Obviously, then, if an appellate court can find that a trial error is harmless error, then that error could not have deprived the district court of jurisdiction. See *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009) (appellate court does not acquire jurisdiction on appeal if district court lacked jurisdiction); *Wilkinson v. Shoney's, Inc.*, 265 Kan. 141, 143, 958 P.2d 1157 (1998) (if record reveals that appellate court lacks jurisdiction, the appellate court must dismiss the appeal). In other words, a district court's erroneous refusal to give a requested jury instruction does not render the judgment of conviction void. At most, Mitchell's judgment of conviction would be voidable, *i.e.*, reversible for a new trial, if the trial judge erroneously refused to give legally and factually appropriate lesser included offense instructions. Consequently, Mitchell's successfully proving that the trial judge committed a nonjurisdictional trial error would not win a reversal under a K.S.A. 2012 Supp. 60-260(b)(4) motion to set aside a void judgment, even though it might win a new trial under K.S.A. 60-1507.

Finally, Mitchell's complaint that he should be able to take advantage of the change of law in *Berry* is many years removed from being compelling or sympathy-evoking. The general rule, applied in *Berry*, is that a change in the law acts prospectively, applying only "to all cases, state or federal, pending on direct review or not

yet final." 292 Kan. at 514. The direct appeal of Mitchell's felony-murder conviction was final approximately 14 years before *Berry* was decided. Before that, Mitchell chose not to challenge the application of the prior law on felony murder instructions in his direct appeal or in his 1507 motions. In other words, the old law is the law of Mitchell's case. Moreover, *Berry* is not even the current law on lesser included offenses for felony-murder charges because of reactive legislation establishing that there are no longer any lesser degrees of felony murder. See L. 2012, ch. 157, sec. 2. So, under the most recent change in the law, Mitchell would not have been entitled to his requested lesser included offense instructions anyway.

To sum up succinctly, we hold that Mitchell sought a remedy under K.S.A. 2012 Supp. 60-260(b)(4) to which he was not entitled and the district court was correct to deny that motion.

Affirmed.