NOT DESIGNATED FOR PUBLICATION

No. 123,168

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDDIE LEE CADDELL III,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed December 17, 2021. Reversed and remanded with directions.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON, J. and RICHARD B. WALKER, S.J.

PER CURIAM: Eddie L. Caddell III contends the Sedgwick County District Court erroneously relied on the exclusive remedy provision of K.S.A. 2020 Supp. 60-1507(e) to summarily deny his habeas corpus motion. We agree and reverse the district court. On remand, the district court should evaluate the motion in conformity with the procedures outlined in K.S.A. 2020 Supp. 60-1507(b) or grant such other relief as may be appropriate.

Given the narrow ruling of the district court and the concomitantly limited issue on appeal, we need not detail Caddell's underlying criminal prosecution or the particular

1

claims he has raised in his 60-1507 motion. In 2014, the State charged Caddell with three felony sex crimes in two cases. Through his lawyer, Caddell worked out an arrangement with the State to plead guilty to two felonies—one in each case. He entered the pleas the following year and received substantial prison sentences. Caddell filed a direct appeal, contending the district court misapplied the governing sentencing statutes. We found no error and affirmed. *State v. Caddell*, No. 115,907, 2017 WL 3948417, at *1 (Kan. App. 2017) (unpublished opinion). The mandate issued on October 23, 2017.

Caddell filed his 60-1507 motion on September 6, 2018, alleging the lawyer representing him in the district court was constitutionally ineffective in failing to investigate the factual underpinnings of the charges and in misinforming him about the legal effect of pleading to charges in separate cases, among other errors. Caddell contends he should be allowed to withdraw his pleas as a result. The record indicates the motion was neither untimely nor successive. The district court entered a one-page order in January 2020 denying the motion in reliance on the exclusive remedy language in K.S.A. 60-1507(e) and citing Caddell's failure to file a motion to withdraw his pleas as an ostensible violation of that provision. Caddell has appealed.

The issue before us is simply whether the district court correctly relied on K.S.A. 60-1507(e) to deny Caddell's motion. Caddell and the State agree the district court erred in applying K.S.A. 60-1507(e). There are no disputed facts relevant to the point, and it presents a question of statutory interpretation. We, therefore, exercise unlimited review and owe no deference to the district court's determination. *State v. Smith*, 309 Kan 929, 932-33, 441 P.3d 472 (2019). The exclusive remedy provision states:

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced said applicant, or that such court has denied said applicant relief, unless it also appears

2

that the remedy by motion is inadequate or ineffective to test the legality of said applicant's detention." K.S.A. 2020 Supp. 60-1507(e).

There is a dearth of case authority construing K.S.A. 60-1507(e). But the language seems clear. The subsection designates a motion under K.S.A. 60-1507 to be the proper or exclusive habeas corpus vehicle for prisoners to challenge the legality of their convictions and resulting sentences, thereby precluding use of a petition for a writ of habeas corpus under K.S.A. 60-1501 for that purpose. A habeas corpus petition brought under K.S.A. 60-1501 et seq. entails different procedures than a motion under K.S.A. 60-1507, and the Legislature plainly intended they not be used interchangeably. But K.S.A. 60-1507(e) does no more than differentiate between the two statutory mechanisms outlining habeas corpus rights.

The first part of K.S.A. 2020 Supp. 60-1507(e) provides that a prisoner must seek relief under "this section"—meaning K.S.A. 60-1507—rather than through a petition for a writ of habeas corpus, as set forth in K.S.A. 60-1501 and K.S.A. 60-1502. And a district court should not consider a petition for a writ of habeas corpus if the applicant has not pursued relief under K.S.A. 60-1507. The latter portion of K.S.A. 2020 Supp. 60-1507(e) contains an exception that would allow a petition for a writ of habeas corpus if a motion under K.S.A. 60-1507 would be legally "inadequate or ineffective" to test the prisoner's confinement. Our plain reading of K.S.A. 60-1507(e) is consistent with *State v. Mitchell*, 297 Kan. 118, 121, 298 P.3d 349 (2013), in which the court recognized K.S.A. 60-1507 to be the exclusive means for prisoners to collaterally attack their sentences and rejected the use of K.S.A. 60-260.

The exclusive remedy requirements of K.S.A. 2020 Supp. 60-1507(e) did not obligate Caddell to file a motion to withdraw his pleas before seeking relief

3

through a habeas corpus motion. The district court erred when it relied on that subsection to deny Caddell relief.

Caddell submits that the proper remedy here calls for a remand to the district court with directions to hold an evidentiary hearing on the allegations in his motion. But that would be premature. The district court's ruling based on K.S.A. 2020 Supp. 60-1507(e) short-circuited the statutory procedure for handling habeas corpus motions set out in K.S.A. 2020 Supp. 60-1507(b); that process entails a review of the motion and the record in the underlying criminal case to determine whether those materials "conclusively show" no basis for relief, warranting summary dismissal, or lay out a colorable claim requiring a hearing. See *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007). We express no opinion on that point. We likewise do not consider whether Caddell may recast his motion as one to withdraw his pleas after sentencing under K.S.A. 2020 Supp. 22-3210(d)(2) and whether that would have any practical effect on his entitlement to relief.

The appropriate remedy here would restore Caddell's motion to the procedural posture it occupied before the district court improvidently dismissed it under K.S.A. 2020 Supp. 60-1507(e). Caddell should be permitted to go forward from that point in the process.

Reversed and remanded to the district court with directions to consider Caddell's motion under K.S.A. 2020 Supp. 60-1507(b) or for such other appropriate relief as may be consistent with this opinion.

4