NOT DESIGNATED FOR PUBLICATION

No. 127,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KASANDRA MORRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion September 12, 2025. Vacated in part and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Kasandra Morris appeals from the district court's award of jail time credit following the district court's revocation of her probation. In the underlying case, Morris pled guilty to possession of methamphetamine and theft. As a result, the district court sentenced her to 43 months in prison and ordered the sentence to run consecutive to her sentences in prior crimes. Then, it suspended the sentence and placed her on probation for a term of 18 months. Subsequently, the district court revoked Morris' probation and ordered her to serve her underlying prison sentence.

1

Although the district court awarded her 288 days of jail time credit toward her sentence, Morris contends on appeal that she is entitled to additional credit under the prior version of K.S.A. 21-6615(a) applicable to her 2019 sentence. Based on the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), we agree that Morris is entitled to additional credit for the days she was incarcerated pending the disposition of this case. Accordingly, we vacate the calculation of Morris' jail time credit, and we remand this case to the district court for a determination of the appropriate amount of credit to be awarded in light of the holding in *Ervin*.

## FACTS

The parties are familiar with the facts, and we need not repeat them here. Material to the issue presented on appeal, it is undisputed that after Morris pled guilty to possession of methamphetamine and theft, the district court sentenced her to 43 months in prison to run consecutive to her sentences in prior criminal cases. The district court then suspended Morris' sentence and placed Morris on probation for 18 months.

Unfortunately, Morris was unable to abide by the conditions of her probation and it was ultimately terminated by the district court. After revoking Morris' probation, the district court ordered her to serve her underlying prison sentence. In doing so, the district court awarded her 288 days of jail time credit. At the same time, the district court denied her request for additional jail time credit because it was duplicative to credit previously awarded to her in prior criminal cases.

## ANALYSIS

The sole issue presented on appeal is whether Morris is entitled to additional days of credit for the time she spent in jail pending the disposition of this case. In her initial brief, Morris primarily relied on *State v. Hopkins*, 317 Kan. 652, 537 P.3d 1068 (2015),

in support of her argument. Later, on May 30, 2025, she submitted a letter of additional authority under Supreme Court Rule 6.09 (2025 Kan. S. Ct. R. at 40), in which she asserts that the Kansas Supreme Court's holding in *State v. Ervin*, 320 Kan. at 311-12—which was decided after briefing in this case was completed by the parties—controls this issue.

Morris acknowledges that she did not raise the issue of jail time credit before the district court. Still, she requests in her initial brief that we consider it because this issue primarily involves a question of law and is necessary to serve the ends of justice or prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). The State takes no position on the issue of preservation in its brief.

As Morris points out, statutory interpretation presents a question of law over which our review is unlimited. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Moreover, the *Ervin* decision—which is binding on this court—was not decided by our Supreme Court until after the parties had completed briefing in this case. Under these circumstances, we find that the resolution of this issue serves the ends of justice. Consequently, we conclude that it is appropriate for us to address the issue of jail time credit for the first time on appeal.

In Kansas, Morris' right to jail time credit in this case is controlled by the version of K.S.A. 21-6615(a) in effect at the time of her sentence in 2019, which provided:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added).

3

In *Ervin*, the Kansas Supreme Court found that K.S.A. 21-6615(a) requires district courts to award credit for all of time spent in jail pending the disposition of a defendant's case. 320 Kan. at 311. Furthermore, our Supreme Court held that this statute requires an award of one day of jail time credit for each day that a defendant is incarcerated pending disposition of a criminal case "regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. As applied to this appeal, we find that it is appropriate for Morris to be awarded one day of jail time credit for each day she was incarcerated pending disposition of this case regardless of whether she also received credit for some or all that time in another case. See 320 Kan. at 311-12.

Because Morris' appeal of her jail time credit award was pending when *Ervin* was decided by the Kansas Supreme Court, we find that its holding applies to this case. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). Likewise, although we appreciate the State's arguments regarding the interpretation of K.S.A. 21-6615(a), we are duty bound to follow the precedent of our Supreme Court. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Thus, we conclude that the district court's decision regarding jail time credit must be vacated, and we remand this case for a determination of the appropriate amount of jail time credit to be awarded under K.S.A. 21-6615(a) as interpreted in *Ervin*.

Vacated in part and remanded with directions.