NOT DESIGNATED FOR PUBLICATION

No. 128,352

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MARCUS D. MITCHELL JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed September 26, 2025. Vacated in part and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Marcus Mitchell pleaded guilty to four crimes and was sentenced to 16 months' imprisonment. He appeals two aspects of his sentence. First, Marcus argues the district court erred when it declined his request for jail credit toward his sentence for the time he spent incarcerated pending disposition of this case. Second, he claims the district court erred by including witness fees in the journal entry of sentencing that were not pronounced at the sentencing hearing.

1

The State concedes that the district court erred in imposing the witness fees in its journal entry without pronouncing those fees at sentencing. And while this appeal was pending, the Kansas Supreme Court announced its decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), ruling that offenders are entitled to receive jail credit for all time spent incarcerated pending the disposition of their case regardless of whether they received an allowance for that time against a sentence in another case. Based on that decision, we agree that Mitchell may be entitled to additional credit for the days he was incarcerated pending the disposition of this case. We thus vacate the district court's calculation of his jail credit and remand this matter for a hearing to determine the proper amount of jail credit to be awarded in light of the holding in *Ervin*.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2024, Mitchell was being held in Sedgwick County for a separate case because of a probation violation. While he was detained, the State served him with an arrest warrant for multiple counts of felony theft, stemming from conduct that occurred in December 2023. He pleaded guilty in August 2024 to three counts of theft after a prior conviction, a severity level 9, nonperson felony, and one count of interference with law enforcement, a Class A misdemeanor. Mitchell remained incarcerated throughout the pendency of this case.

At sentencing, the district court denied Mitchell's motion for a dispositional departure. It sentenced him to a 16-month prison term and 12 months of postrelease supervision. Mitchell filed a pro se motion requesting credit against his sentence for the time spent in jail between his arrest in February to his sentencing on September 26, 2024. The district court denied this request, noting that during the time Mitchell was incarcerated pending disposition of his case, he was also in jail in the earlier probation-violation case to which the credit would instead apply.

2

The sentencing journal entry assessed a $20 witness fee against Mitchell, though the court had not mentioned this fee at the sentencing hearing.

Mitchell appeals.

## DISCUSSION

Mitchell's primary argument on appeal is that the district court erred by denying his request for jail credit for time that he spent incarcerated—which he calculates as 230 days—while this case was pending, before his sentencing hearing. The State argues that Mitchell received all the credit he was entitled to and any recent cases that compel a different result incorrectly construe the jail-credit statute.

Jail credit claims concern interpretation of K.S.A. 21-6615, and we exercise unlimited review on questions of statutory interpretation. See *Ervin*, 320 Kan. at 306-07. The topic of when a criminal defendant should receive jail credit has been the subject of much discussion in our courts in recent years. The jail credit statute in effect at the time of Mitchell's crimes states:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a)(1).

In *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), the Kansas Supreme Court reversed past precedent to hold that this statutory language mandates "a defendant

3

shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." More recently, in *Ervin*, our Supreme Court held the statutory language of the jail credit statute requires a district court to award one day of jail credit for each day a defendant is incarcerated pending disposition of his or her case "regardless of whether he [or she] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

At the time of Mitchell's sentencing, the district court did not have the benefit of the *Ervin* decision when determining the appropriate award of jail credit. But because Mitchell's appeal was pending when *Ervin* became binding precedent, we find that the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) applies. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). And based on the holding in *Ervin*, we find that Mitchell is entitled to one day of jail time credit in his case for all the time that he spent imprisoned pending its disposition—even if he received credit for that jail time in a different case. See 320 Kan. at 311-12. We thus vacate the district court's jail-credit determination and remand the case so Mitchell may be allowed credit for the additional days he spent in jail pending the disposition in his cases.

Mitchell also claims the district court violated K.S.A. 28-172a(d) when it imposed a $20 witness fee in its journal entry of sentencing without pronouncing the fee from the bench at sentencing. The State concedes that the district court improperly assessed the fee, and we agree. Thus, we vacate that fee award.

Vacated in part and remanded with directions.

4