No. 127,843

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANDRE KAVAUGHN MARTIN,
*Appellant*.

SYLLABUS BY THE COURT

1.

When a statute is plain and unambiguous, an appellate court should refrain from reading something into the statute that is not readily found in its words.

2.

K.S.A. 2019 Supp. 21-6615(a) requires a district court to award jail time credit for all the time a defendant is incarcerated pending the disposition of the defendant's case.

3.

When a defendant is serving a preexisting prison sentence following a criminal conviction, K.S.A. 2019 Supp. 21-6615(a) does not entitle the defendant to credit when new criminal charges are brought against the defendant for a criminal offense committed while incarcerated.

4.

In order to receive jail time credit under K.S.A. 2019 Supp. 21-6615(a), the incarceration must be connected to the case in which the defendant is seeking to receive credit.

1

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed September 26, 2025. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

BRUNS, J.: DeAndre Kavaughn Martin appeals his sentence after being convicted of attempted aggravated battery on a corrections officer. At the time he committed this crime, Martin was an inmate in the Lansing Correctional Facility serving sentences following prior criminal convictions. While this case was pending before the district court, Martin remained imprisoned for his prior crimes.

In this case, the district court sentenced Martin to 46 months in prison and ordered his sentence to run consecutive to the prison sentences he was already serving. The district court did not give Martin jail time credit for the time he continued to be imprisoned during the pendency of this case. For the reasons set forth in this opinion, we find that K.S.A. 2019 Supp. 21-6615(a)—which was in effect at the time he committed this crime—is not applicable. Thus, we affirm.

FACTS

Given the parties' familiarity with the record, we will summarize only the essential facts relating to the limited issue presented in this appeal. In August 2019, Martin was an inmate in the Lansing Correctional Facility—serving sentences in unrelated cases arising out of Wyandotte County—when he committed his crime of conviction in this case. The State originally charged Martin with battery on a corrections officer. Ultimately, he pled no contest to the reduced charge of attempted aggravated battery.

2

Given his criminal history score of A, the district court sentenced Martin to a presumptive sentence of 46 months in prison to run consecutive to the prison sentences that he was already serving at the time he committed his crime against the corrections officer. At his sentencing hearing, Martin requested that the district court award him 722 days of credit for the time he continued to be incarcerated in prison while this case was pending. After the district court denied this request, Martin filed a timely notice of appeal.

ANALYSIS

The sole issue presented in this appeal is whether Martin is entitled to credit in the case which is the subject of this appeal for the time he continued to be incarcerated in prison—serving sentences in prior criminal cases—while this case was pending. Specifically, Martin contends that K.S.A. 2019 Supp. 21-6615(a) requires that he receive credit for each day he remained incarcerated in prison on his prior criminal convictions pending the disposition of this case. In response, the State contends—among other things—that it would be an absurd result for inmates who commit a crime in prison to be given credit in the new case for the time they were already imprisoned for prior unrelated crimes.

The resolution of this issue involves statutory interpretation. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The most fundamental rule of statutory construction is that the intent of the Kansas Legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, we are not to speculate about the legislative intent behind that clear language. Moreover, we should refrain from reading something into the statute that is not readily found in its words. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

3

At the time Martin committed the crime that is the subject of this appeal, the right to credit for incarceration pending the disposition of a criminal case was controlled by K.S.A. 2019 Supp. 21-6615(a). This version of the statute provided:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.)

In *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025)—which was decided while this appeal was pending—the Kansas Supreme Court found that K.S.A. 21-6615(a) requires a sentencing judge to "allow credit for all days incarcerated *on a case*, regardless of whether the defendant received a credit for some or all that time against a sentence in another case." (Emphasis added.) 320 Kan. 287, Syl. ¶ 12. We acknowledge that *Ervin* became binding precedent while Martin's appeal was pending. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). As a result, it now controls similar jail time credit cases.

But in *Ervin*, the Kansas Supreme Court did not address a scenario involving an inmate who was serving a sentence following a prior criminal conviction and then committed a new crime while incarcerated in prison. Moreover, we do not find it appropriate to expand the holding in *Ervin* to situations involving inmates who commit new criminal offenses while in prison serving sentences arising out of prior criminal convictions. Instead, we find that in order to receive jail time credit under K.S.A. 2019 Supp. 21-6615(a), the incarceration must be connected to the case in which the defendant is seeking to receive credit.

We find the factual circumstances in this case distinguishable from those in *Ervin*. Unlike this case, the defendant in *Ervin* was not serving a prison sentence for prior crimes. Rather, he was being held in jail on two separate criminal cases while awaiting disposition of the case that was the subject of his appeal. *Ervin*, 320 Kan. at 305. In other words, the defendant in *Ervin* was in jail "pending the disposition of" the criminal cases for which he was incarcerated. See K.S.A. 2019 Supp. 21-6615(a).

Here, Martin's incarceration in prison did not stem from nor was it related to his new crime. Rather, he was serving an ongoing prison sentence arising out of unrelated prior convictions at the time he committed his new crime against a corrections officer and while this case worked its way through the judicial system. Consequently, we find that to award Martin with credit under K.S.A. 2019 Supp. 21-6615(a) or to expand the holding in *Ervin* to these facts would be an unreasonable and absurd result because inmates could avoid punishment for their actions. See *State v. Gomez*, 320 Kan. 3, 15, 561 P.3d 908 (2025) (statues should be construed in such a way as to avoid unreasonable or absurd results).

In summary, we find that Martin merely continued to serve his prison sentences for his prior criminal convictions while he was awaiting the disposition of this new case. We acknowledge that had Martin been incarcerated for his new crime after he had completed his prison sentence in the prior cases, the result would likely be different in light of *Ervin*. But this is not what occurred here. Accordingly, based on the plain language of K.S.A. 2019 Supp. 21-6615(a), we conclude that the district court did not err by failing to award credit to Martin for the time he spent serving his preexisting prison sentence while this case was pending.

Affirmed.