NOT DESIGNATED FOR PUBLICATION

No. 114,201

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BYRON HOGAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 29, 2016.
Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.

*Per Curiam*:  Byron Hogan appeals the district court's summary denial of his
K.S.A. 60-1507 motion, arguing the district court erred in finding his claims had been
previously raised on direct appeal and the district court failed to conduct an evidentiary
hearing on his motion. While we agree with Hogan that he did not previously raise his
claims on direct appeal, because he fails to assert any exceptional circumstances
justifying his previous failure to assert his claims on direct appeal, the district court did
not err in summarily dismissing the motion. Thus, we affirm.

1

On August 11, 2011, a jury found Hogan guilty of rape, attempted aggravated criminal sodomy, and violation of a protective order. He was sentenced to 592 months in prison with lifetime postrelease supervision.

Hogan appealed his conviction asserting three grounds for relief: (1) the statutory definition of "sexual intercourse" presented alternative means of committing rape; (2) there was insufficient evidence to support his convictions of rape and attempted aggravated criminal sodomy; and (3) the State committed prosecutorial misconduct during closing argument when it made a statement that could be perceived as a comment on the credibility of the victim. Our court affirmed his convictions and sentences, and the Kansas Supreme Court denied review. *State v. Hogan*, No. 107,529, 2013 WL 2991134 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1206 (2013).

Hogan then filed a timely K.S.A. 60-1507 motion before the district court on September 15, 2014. His motion alleged three points of error: (1) the State committed prosecutorial misconduct when it vouched for the credibility of a State witness; (2) the State committed prosecutorial misconduct by failing to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); and (3) the facts of his prior convictions were not presented to a jury, which entitled him to resentencing. The district court summarily denied Hogan's motion, stating: "Petitioner's issues were raised on appeal. Judgement was affirmed. The [Petitioner's] attempt to raise these issues again is without further merit."

Hogan timely appeals.

## DID THE DISTRICT COURT ERR IN SUMMARILY DENYING HOGAN'S K.S.A. 60-1507 MOTION?

A district court has three options when reviewing a K.S.A. 60-1507 motion:

"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013).

Here the district court summarily denied Hogan's 60-1507 motion, holding the issues raised in his present motion were raised in his direct appeal, meaning Hogan was barred from attempting to raise these issues again. When a district court summarily denies a 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Trotter v. State*, 288 Kan. 112, 132, 200 P.3d 1236 (2009).

On appeal, Hogan argues the district court erred in finding that the issues he raised were previously raised in his direct appeal and in not conducting an evidentiary hearing on his 60-1507 motion. Hogan is correct that the issues he raised were in fact not raised in his direct appeal. However, Hogan's failure to assert why exceptional circumstances excuse his failure to raise these issues on direct appeal is fatal to his claim.

Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272) provides:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional

3

rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

"'[E]xceptional circumstances' [are] ""unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding."" [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). A movant bears the burden of proof in asserting exceptional circumstances. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010).

Before us, Hogan now attempts to raise a claim of ineffective assistance of counsel, which can qualify as an exceptional circumstance, by asserting that his direct appeal counsel was ineffective for not raising his prosecutorial misconduct claims. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). When raising ineffective assistance of counsel as an exceptional circumstance that prevented a movant from bringing a claim in a direct appeal, such assertion must be made in a 60-1507 motion before the district court. *Trotter*, 288 Kan. at 127-28. Hogan failed to raise this issue in his 60-1507 motion before the district court but pleads ignorance of this requirement. Unfortunately for Hogan, a movant's ignorance of the law has not been recognized as an exceptional circumstance. See *Mitchell*, 297 Kan. at 123.

Because Hogan never asserted before the district court any exceptional circumstances excusing his failure to assert his prosecutorial misconduct claims in his direct appeal, the district court was correct in summarily denying Hogan's first two claims, even though its finding that Hogan's claims had been raised previously was incorrect. See *State v. Bryant*, 272 Kan. 1204, 1210, 38 P.3d 661 (2002) ("[T]he trial court will not be reversed if it is right, albeit for the wrong reason.").

Hogan's third and final basis for relief in his 60-1507 motion alleged that the facts of his prior convictions were not presented to a jury, which entitles him to resentencing.

However, on appeal neither Hogan nor the State discuss Hogan's third alleged basis for relief. Hogan's brief mentions this basis in the factual background of the case but does nothing more. "An issue not briefed by an appellant is deemed waived and abandoned" and therefore will not be considered by this court. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

Even if we could consider the merits of this issue, it appears Hogan is arguing that his sentence is illegal because his criminal history score was used to calculate his guidelines sentence. Our Supreme Court has rejected this argument on more than one occasion, and we do as well. See *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

Affirmed.