NOT DESIGNATED FOR PUBLICATION

No. 127,425

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MYRON PETERS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed September 26, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Myron Peters received a dispositional departure to probation following guilty pleas in two consolidated cases in 2022. Following various probation violations, the district court ultimately revoked Peters' probation and ordered him to serve his original sentence. While awaiting the disposition of his cases, Peters spent 137 days in jail. For 97 of those days, he was also being held on charges in separate, municipal cases. The district court only awarded 40 days of jail credit towards Peters' original sentence—declining to award the 97 days in which he was also being held on municipal charges.

Peters now appeals. He challenges the district court's decisions to revoke his probation, impose his original sentence, and award only 40 days of jail credit. After carefully considering the parties' arguments and the record on appeal, we affirm the district court's decision to revoke Peters' probation and impose his original sentence. But based on intervening Kansas Supreme Court caselaw, we must vacate the court's jail-credit determination and remand for a hearing to allow Peters credit for all the time he spent incarcerated pending the disposition in this case.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2022, Myron Peters entered into a plea agreement relating to conduct that occurred in 2021. In the agreement, he pleaded guilty to

- two counts of criminal damage to property, a level 9, nondrug grid, nonperson felony, and one count of criminal damage to property, a class B, nonperson misdemeanor in one case; and

- one count of aggravated battery, a level 4, nondrug grid, person felony, one count of violating a protective order, a class A, person misdemeanor, and one count of battery, a class B, person misdemeanor, in another case.

In exchange for his guilty pleas, the parties agreed to recommend consolidating the two cases, imposing the high number in the sentencing guidelines gridbox and six months for the misdemeanor counts, running the counts concurrently, granting a dispositional departure to probation, and ordering restitution to one of the victims. Following a hearing on the record, the district court accepted Peters' guilty pleas and set the matter for sentencing in May 2022.

2

Peters filed a motion for dispositional and durational departure, citing his acceptance of responsibility and the parties' plea agreement, lack of prior person felonies, and willingness to abide by conditions set by the court. The district court granted Peters' motion and ordered him to serve 36 months' probation, with underlying concurrent sentences totaling 75 months in prison, court costs, fees, and restitution of $9,045.71. The court noted that one reason for granting probation was the high restitution amount that Peters was ordered to pay. But the court warned Peters that "this is a zero tolerance probation" on drug testing, participation in drug and alcohol treatment, mental health evaluations, and other conditions of his release.

*Peters struggled to abide by the terms of his probation.*

Peters agreed that he violated conditions of his probation and served jail sanctions on multiple occasions.

- In July 2022, Peters tested positive for THC and later admitted that he also used marijuana once during the week following his positive test. Peters consented to a 72-hour jail sanction imposed by his intensive supervision officer.

- Peters admitted to using marijuana once in October 2022. The district court ordered him to serve another 72-hour sanction.

- Peters admitted to using marijuana twice in August 2023. He consented to serve another 72-hour jail sanction, imposed by his intensive supervision officer.

- On 12 occasions from December 23, 2023, through January 7, 2024, Peters violated the terms and conditions of his GPS/house arrest. And on six occasions during the same period of time, Peters violated his curfew.

- In February 2024, Peters tested positive for marijuana.

*The district court revoked Peters' probation and imposed his original sentence.*

In February 2024, the district court held a probation violation hearing on the alleged violations stemming from December 2023 through February 2024. Peters knowingly waived his right to an evidentiary hearing and admitted to the alleged violations. The State requested that the district court revoke Peters' probation, while Peters asked the district court to continue his probation and order a new drug and alcohol evaluation. Alternatively, Peters asked the district court to modify the duration of his prison sentence from 75 to 50 months. The district court expressed concern that Peters' drug or alcohol use was intertwined with his convictions—especially the battery charges. It also noted that Peters had been on probation before and that this probation was the result of a dispositional departure. Given these reasons, the district court ultimately revoked Peters' probation and ordered him to serve all 75 months of his underlying sentence.

At the close of the hearing, the State advised the district court that Peters had jail credit to be applied to his sentence, as he had been held in the Sedgwick County jail while awaiting his original sentencing. The record reflected that Peters had spent a total of 137 days in jail, but the State argued that Peters was only entitled to 40 days of credit against his sentence because during 97 of those days, he had also been held on municipal charges brought by the City of Wichita. The court did not make any jail-credit determination on the record, but the journal entries from the hearing only awarded 40 days of jail credit.

DISCUSSION

Peters has raised two general arguments on appeal. First, he argues that the district court erred when it revoked his probation and imposed his underlying 75-month prison sentence. He asserts that the court unreasonably imposed his sentence for marijuana use

4

and curfew violations. Second, Peters asserts that the district court erred when it only credited 40 days against his controlling sentences in these cases (instead of 137 days in each case).

1. *The district court did not abuse its discretion by revoking Peters' probation and imposing his original sentence without modification.*

Peters argues that the district court abused its discretion by revoking his probation and imposing his original sentence without modification. He argues that this disposition was out of proportion with his probation violations and inherently unreasonable. The State counters that the district court did not abuse its discretion in revoking Peters' probation because Peters was previously sanctioned for his probation violations, the probation was granted through a dispositional departure, and he demonstrated over repeated violations that he was either unable or unwilling to comply with the terms of his probation.

After a probation violation has been established, a district court has discretion to extend a person's probation, impose other sanctions, or revoke that probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts will only reverse that decision on appeal if it resulted from an abuse of the court's discretion—when the judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. 315 Kan. at 328; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Peters bears the burden of showing such an error occurred here. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). He has not done so.

Peters does not argue that the district court's decision to revoke his probation was an error of law or an error of fact. Instead, Peters asserts that the district court's decision to revoke his probation and impose his underlying prison sentence was unreasonable.

Peters argues that the district court had many other options besides revoking his probation—it could have imposed another 2- or 3-day jail sanction, or even a 60-day sanction; continued, extended, or modified his probation; or taken no action at all. He argues that just because the district court had authority to revoke Peters' probation does not mean that it was reasonable to do so.

But Peters had already received at least three intermediate sanctions before the district court ultimately revoked his probation. The district court warned Peters at his original sentencing hearing that a large reason why he was getting a dispositional departure to probation was because he needed to pay over $9,000 in restitution, but that the district court would have "zero tolerance" for violations of the terms of his probation. Yet Peters admitted to 6 instances of marijuana use, 12 instances of violating the terms and conditions of his GPS/house arrest, and 6 instances of being out past his curfew. Given this history, a reasonable person could agree with the district court's decision to revoke probation.

Peters also argues that the district court's decision to impose his original sentence was unreasonable because, according to Peters, it was based on the district court's attitude against marijuana, which he argues is in opposition to the national trend towards legalizing the substance. But regardless of any national trend, marijuana is still an illegal substance in Kansas. See K.S.A. 21-5706(b)(3); K.S.A. 2024 Supp. 65-4105(d)(17). And refraining from using marijuana was one of the conditions of Peters' probation.

Lastly, Peters' assertions that the district court could have imposed a modified sentence are similarly unpersuasive. Peters' original sentence was within the presumptive sentencing range under the Kansas Sentencing Guidelines and followed the parties' recommendation in his plea agreement. It was not unreasonable for the district court to impose the original sentence, especially when Peters agreed to it in his plea deal.

2. *Peters should receive credit toward his sentences for each day that he spent incarcerated pending the disposition of his cases.*

Peters also challenges the district court's allotment of jail credit, arguing he should have received credit for each day he was incarcerated before his plea, regardless of whether he was also held on municipal charges during that time. While this case was pending on appeal, the Kansas Supreme Court issued its decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), which altered the manner in which jail credit had previously been determined in Kansas and—as Peters has correctly noted in a letter under Supreme Court Rule 6.09 (2025 Kan. S. Ct. R. at 40)—entitles him to relief here.

Peters acknowledges that he did not raise this issue during his original sentencing hearing in 2022 or at the hearing on his probation violations—realities that would ordinarily weigh against our consideration of an issue for the first time on appeal. But he requests—in his initial brief—that we consider this issue because the district court expressly stated at the sentencing hearing that it would award him jail credit but did not definitively state how much credit would be awarded at sentencing. He also argues that this issue primarily involves a question of law and that its consideration is necessary to serve the ends of justice or prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). In its brief, the State takes no position on the issue of preservation and does not dispute that Peters may raise the issue now, as part of his appeal of the district court's revocation of his probation.

Statutory interpretation presents a question of law over which our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). We find it significant that the *Ervin* decision—which interprets the Kansas statute governing jail credit—was issued by the Kansas Supreme Court during the pendency of this case. The facts supporting this issue are largely undisputed. And we, like Peters, also note that the district court never announced how much jail time credit it would award him at the

sentencing hearing. That determination was made in the journal entries, which were filed at a later date. Under these circumstances, we find that we should exercise our discretion to consider Peters' jail credit issue for the first time in this appeal.

In Kansas, the right to jail credit is governed by K.S.A. 21-6615(a):

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.*" (Emphasis added.)

As our state's caselaw has now thoroughly discussed, Kansas courts previously interpreted our jail-credit statute—K.S.A. 21-6615—to allow a defendant to receive jail credit only if they were being held "solely" on the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 529-31, 575 P.2d 524 (1978). This meant that criminal defendants who were held in jail for multiple cases might receive no jail credit for any of those cases. *State v. Hopkins*, 317 Kan. 652, 657-59, 537 P.3d 845 (2023). But in 2023, our Supreme Court overruled this interpretation of the statute after finding that it had become "unworkable and inconsistently applied." 317 Kan. at 656-57. Under its new interpretation, the Supreme Court held, "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657.

In *Ervin*, the Kansas Supreme Court held that K.S.A. 21-6615(a) "require[s] a district court to award [credit] for all time spent [in jail] 'pending the disposition of *the defendant's case.*'" 320 Kan. at 311. Our Supreme Court clarified that the jail-credit

8

statute compels an award of one day of jail-time credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

Based on the holding in *Ervin*, we find that Peters is entitled to one day of jail-time credit in each of his cases—for all the time that he spent imprisoned pending their disposition—even if he received credit in a different case. See 320 Kan. at 311-12. Because Peters' appeal was pending when *Ervin* became binding precedent, we find that the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) applies. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). We thus vacate the district court's jail-credit determination and remand the case so he may be allowed credit for the additional 97 days he spent in jail pending the disposition in his cases.

To summarize, we affirm the district court's decision to revoke Peters' probation and impose his original sentence. But we vacate the district court's jail-credit determination and remand with directions to reassess that determination based on the Kansas Supreme Court's decision in *Ervin*.

Affirmed in part, vacated in part, and remanded with directions.

9