NOT DESIGNATED FOR PUBLICATION

No. 117,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN O. HOLT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wabaunsee District Court; GARY L. NAFZIGER, judge. Opinion filed December 22, 2017. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Dustin O. Holt appeals from the district court's denial of his K.S.A. 60-1507 motion which alleged ineffective assistance of trial counsel. Finding no error, we affirm.

*Factual and procedural background*

Holt was convicted of first-degree premeditated murder and conspiracy to commit murder for his role in the death of Kenton Shoffner. The facts of the underlying conviction in this case are fully documented in *State v. Holt*, 285 Kan. 760, 176 P.3d 239

1

(2008), and we need not repeat them here. Following his direct appeal, Holt timely filed a pro se K.S.A. 60-1507 motion alleging that his trial counsel was ineffective and that substitute counsel should have been appointed. Holt argued his counsel was ineffective for two primary reasons: (1) he failed to call certain witnesses to support Holt's defense and (2) he failed to hire an independent DNA expert to refute the State's DNA evidence. Holt also alleged that substitute counsel should have been appointed before the trial began.

The district court held an evidentiary hearing at which both Holt and his trial counsel testified. After the evidentiary hearing, the district court denied relief under K.S.A. 60-1507, stating in part:

> "Petitioner has failed to show that there is a reasonable probability that the result of the proceeding would have been different had any other strategy or tactic been employed including calling Steve Warden or Joe Lamb or by attempting to rebut the State's DNA evidence by counsel, particularly considering the totality and volume of the evidence which was presented at the trial which was presided over by this Court."

Holt timely appealed and is represented by counsel.

*Was the district court's decision to deny Holt's claims of ineffective assistance of counsel supported by substantial competent evidence?*

*Standard of review*

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. When the district court conducts a full evidentiary hearing on such claims, as it did here, the appellate court determines whether the district court's factual findings are supported by substantial competent evidence. We apply a de novo standard to the district court's conclusions of law. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

2

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that under the totality of the circumstances the defense counsel's performance was deficient, and (2) that the defendant was prejudiced, i.e., there is a reasonable probability that the factfinder would have reached a different result but for the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). A reasonable probability is a probability sufficient enough to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

If counsel has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. Strategic decisions made after a less than comprehensive investigation are reasonable exactly to the extent a reasonable professional judgment supports the limitations on the investigation. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (citing *Strickland*, 466 U.S. at 690-91). Whether to call a particular witness is a matter of trial strategy. *Shumway v. State*, 48 Kan. App. 2d 490, 508, 293 P.3d 772 (2013).

*Not calling Lamb or Warden to testify about Casey's confession*

Holt testified his defense team was ineffective for not calling two witnesses who would have bolstered his defense: (1) Joe Lamb (a correctional facility employee) to

3

testify that he had heard Landrey Casey (Holt's codefendant) tell Steve Warden (another inmate) that Casey was the shooter; and (2) Warden, to testify about that same conversation with Casey.

Holt's counsel, Chris Woolery, testified about his decision not to call these witnesses. He was aware that Lamb had overheard Casey's conversation with Warden, but he chose to have Sheriff Douglas Howser testify about that matter instead. After speaking with both Howser and Lamb, as well as reading the incident report Lamb had written and sent to Howser, Woolery believed the information was more powerful coming from Howser than it would be from Lamb. Woolery did not call Warden as a witness because Warden was using methamphetamine at the time of trial and would not have been a credible witness. Woolery testified that he spoke with Holt about those strategic decisions and told him that one of the only ways to get in Holt's side of the story would be for him to testify, which Holt chose not to do.

We find no indication that Woolery made these strategic decisions about Casey's confession without a thorough investigation of the law, relevant facts, and realistic alternatives available. Woolery testified as to Lamb's and Warden's lack of credibility and the strength of the testimony coming in through Howser. Additionally, Woolery testified that he ensured his client that if he wanted to testify, trial counsel would prepare him to do so. We find no deficient performance here.

*No testimony about Holt's written retraction*

Holt alleges Lamb could also have testified about Holt's written retraction of his confession. Although Holt verbally confessed to having shot the victim, he later wrote and gave his retraction to Lamb. Holt's written retraction never made it into evidence.

Woolery asked Howser about Holt's written retraction, but Howser had no recollection of it. Because Howser failed to recognize the retraction and neither Holt nor Lamb testified, the written retraction was not admitted into evidence.

We pause to address a procedural issue—the State's contention that Holt abandoned this issue by not including it in either of his amended briefs and by not presenting evidence on it at the evidentiary hearing. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (an issue not briefed by the appellant is deemed waived or abandoned). But we find the State portrays this issue too narrowly when arguing that the defense did not address Lamb's testimony regarding Holt's written retraction of his confession. As Holt argues, this issue is broader than that—Lamb was not called at trial and he was a "multipurpose witness, who had the ability to testify on more than one subject." Holt raised the issue of failing to call Lamb as a witness numerous times: in Holt's original petition, counsel's amended petition, Holt's pro se amended petition, and during the evidentiary hearing. We find this issue sufficiently preserved.

Nonetheless, we find no deficient performance in not calling Lamb to testify about Holt's retraction. The retraction was intended to counter Holt's prior confession, which had been recorded and admitted into evidence. For the retraction, an out-of-court statement, to serve its intended purpose, it would necessarily have been offered to prove the truth of the matter stated in it. This is the very definition of hearsay. See K.S.A. 2016 Supp. 60-460. Absent an exception, hearsay is inadmissible. K.S.A. 2016 Supp. 60-460. Holt was given the opportunity to testify and chose not to. By exercising his Fifth Amendment right not to testify, Holt made himself unavailable for cross-examination and thus rendered inapplicable the hearsay exception otherwise most likely to permit admission of his retraction, K.S.A. 2016 Supp. 60-460(a) (hearsay exception for previous statement of person who is present and available for cross-examination); *State v. King*, 221 Kan. 69, 71-72, 557 P.2d 1262 (1976) (finding defendant was not "available" for cross-examination because she was still protected by her Fifth Amendment privilege).

5

Holt has not shown that any other hearsay exception may have applied and has thus failed to show how his attorney could possibly have admitted his retraction through Lamb.

*Not using a DNA expert*

Holt next claims his trial counsel was ineffective for not using a DNA expert to testify or otherwise help rebut the State's DNA evidence. At trial, two Kansas Bureau of Investigation employees testified for the State that a partial DNA profile collected from the gun grip matched Holt's DNA, thus supporting the State's allegation that Holt was the shooter. Holt argues that another DNA expert could have explained the partial profile and its evidentiary weaknesses to the jury, which would have helped minimize the impact of this evidence.

Instead of arguing deficient representation or prejudice, Holt merely argues that hiring or consulting a DNA expert was a "plausible option" to help the defense. But the record contains Holt's admission that he handled the gun other than in shooting the victim, thus admitting that his DNA could well have been on the gun grip. Holt did not proffer any affidavit at the evidentiary hearing or otherwise show anything other than mere speculation as to how a DNA expert's testimony may have been so essential to his defense that his counsel's failure to consult such an expert was necessarily deficient or prejudicial.

Holt argues that because Woolery did not explain why he did not consult an independent expert, his decision cannot have been strategic. But it is not the State's burden to show that Woolery's decisions were supported by a thorough investigation and did not amount to deficient representation—it is Holt's burden to prove the opposite. Lack of evidence cannot establish counsel's performance was deficient. *Burt v. Titlow*, 571 U.S. __, 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013). Because Holt has shown neither

6

deficient performance nor prejudice, we find no error in the district court's denial of Holt's claim of ineffective assistance of counsel.

*Did the district court abuse its discretion in determining the court made an in-depth inquiry into Holt's request for new counsel?*

We again address a procedural issue. The State contends this issue—whether the district court erred in not appointing new counsel is not properly before this court because it should have been raised on direct appeal. A motion for writ of habeas corpus ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal unless exceptional circumstances excuse the failure to appeal. Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222). Exceptional circumstances may include unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding. *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). The State may well be correct, as Holt has failed to show exceptional circumstances.

Nonetheless, we choose to address this issue on the merits. We review a district court's decision not to appoint substitute counsel for an abuse of discretion. *State v. Sappington*, 285 Kan. 158, 166, 169 P.3d 1096 (2007). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). The burden is on the party alleging the abuse to show such abuse of discretion. *State v. White*, 284 Kan. 333, 342, 161 P.3d 208 (2007).

To receive new counsel, a movant must show justifiable dissatisfaction with his or her appointed counsel. *State v. Staten*, 304 Kan. 957, 970, 377 P.3d 427 (2016). Justifiable dissatisfaction includes a showing of a conflict of interest, an irreconcilable

7

disagreement, or a complete breakdown in communication between counsel and the defendant. *State v. Bryant*, 285 Kan. 970, 986-87, 179 P.3d 1122 (2008). When warranted, the court must make an inquiry to determine the basis for the defendant's dissatisfaction with counsel and the facts necessary to determine whether that dissatisfaction is justifiable. *State v. Stovall*, 298 Kan. 362, 372, 312 P.3d 1271 (2013).

Holt solely claims that the district court did not conduct a sufficient inquiry to ensure his right to effective assistance of counsel was not violated. Specifically, he argues two reasons prevented him from pursuing his request for new counsel. First, Holt argues that the questions regarding his financial ability to obtain counsel prevented the completion of a sufficient inquiry and gave him the impression that he could get new counsel only if he could not afford one. Second, Holt argues that the presence of the State (Assistant Attorney General and Wabaunsee County Attorney) prevented a sufficient inquiry by the district court because it impeded Holt's ability to confide in and provide his reasoning to the court.

We find no support in the record for these contentions. First, the record shows that the court conducted a sufficient inquiry before determining that Holt had not shown justifiable dissatisfaction. Before his preliminary hearing, the court held an in-chambers meeting and asked Holt about the issues with counsel. The court asked Holt for specifics regarding his relationship with counsel, but Holt told the court that he was not asking to have his attorneys removed.

> "THE COURT: Okay. Mr. Holt, why don't you inform the Court what the issue is.
> "MR. HOLT: I just don't feel he's going to do me any good.
> "THE COURT: And, how do you come to that conclusion?
> "MR. HOLT: I know what I did and what I didn't do and there's just problems with—

8

"THE COURT: I need you to be specific as to your request. Are you asking the Court that these attorneys be removed from representing you?

"MR. HOLT: (Witness nodded head.)

"THE COURT: You're—I need—we're on record here, I need to have you answer yes or no.

"MR. HOLT: No.

"THE COURT: Okay. At this time you're not asking—

"MR. HOLT: That's right.

"THE COURT:—that they be removed. Okay. Do you have any other comments?

"[TRIAL COUNSEL]: No, like I said, I brought this issue to the Court, because I think, ethically, I'm bound to do that.

"THE COURT: Mr. Holt, are you in a position where you can retain counsel?

"MR. HOLT: Not, not at this time.

"THE COURT: Frankly, Mr. Holt, these individuals that I've appointed to represent you are individuals who have represented many, many people in your similar situation, and the Court feels they're—all three of the defendants in this case, the Court has appointed the best counsel available in the State. And, so, upon you saying today that you—at this time, that you're not asking that they be removed, we'll go ahead and proceed with preliminary examination today. Okay. Is there anything else?"

Holt unequivocally told the court, before any mention of any financial inability to retain counsel, that he was *not* asking for his counsel to be removed.

Secondly, the presence of the State does not mean that there was not an opportunity for sufficient inquiry.

"Courts generally recognize that an inquiry conducted after a defendant's expression of dissatisfaction with his or her attorney will occur on the record and in the presence of the prosecutor but also recognize '[t]here may be unusual circumstances where, to avoid the possibility of prejudicial disclosures to the prosecution, the court may exercise its discretion to pursue the inquiry with defendants and their counsel on the record but in chambers.' In this case, the record does not reflect the types of disclosures that would

9

have warranted a hearing outside the presence of the prosecutor. [Citation omitted.]"
*State v. Pfannenstiel*, 302 Kan. 747, 765, 357 P.3d 877 (2015).

The district court properly held, after conducting a sufficient inquiry, that Holt had not shown justifiable dissatisfaction with his appointed counsel, or shown a conflict of interest or complete breakdown of communications between himself and his appointed attorney. Therefore, we find no abuse of discretion.

Affirmed.