NOT DESIGNATED FOR PUBLICATION

No. 128,931

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY CHARLES WELCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion June 12, 2026. Affirmed in part and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Jeremy Charles Welch appeals from the district court's revocation of his probation and imposition of the underlying 49-month prison sentence. On appeal, Welch contends that the district court erred by revoking his probation and ordering him to serve his underlying sentence. In addition, he contends that he is entitled to additional days of jail credit. Based on our review of the record, we find that the district court did not err in either revoking Welch's probation or in ordering him to serve his underlying sentence. However, we find that Welch is likely entitled to additional jail time credit based on the current status of Kansas law. Thus, we affirm in part and remand to the district court with directions.

1

On March 2, 2022, Welch pled guilty to an amended charge of possession of methamphetamine with intent to distribute as a result of a plea agreement under which the State agreed to dismiss several other pending charges. Based on Welch's criminal history score of A, the district court imposed a 49-month presumptive prison term. However, the district court granted Welch's request for a dispositional departure, suspended his prison sentence, and placed him on probation to be supervised by community corrections for a term of 18 months.

Instead of taking advantage of the opportunity granted to him by the district court, Welch never reported to community corrections. As a result, the State moved to revoke his probation. At a probation revocation hearing held on October 26, 2022, Welch stipulated that he violated the conditions of his probation by failing to report to community corrections as required.

Rather than revoking Welch's probation, the district court ordered him to serve a three-day intermediate sanction in the county jail, complete a drug and alcohol evaluation, and follow the recommendations made based on the evaluation. In doing so, the district court stated:

> "I'm going to give you one more chance, Mr. Welch, and I'm going to suggest to you that
> if you need help, and my guess is you do, with your methamphetamine problem, you
> better seek it out, because history would tell me you're going to test positive again and
> again and again. All right?"

On November 25, 2022, Welch was arrested for possession of opiates, narcotics, or stimulants as well as for possession or use of drug paraphernalia. In response to his arrest, the State filed another motion to revoke Welch's probation, which alleged: (1)

failure to attend drug treatment as directed; (2) failure to report to his probation officer; and (3) commission of a new crime.

The district court held several status hearings on the motion to revoke probation. At one of those hearings, the district court admonished Welch for not meeting with his probation officer while the motion to revoke was pending. Later, the State dismissed the drug charges against Welch. As a result, the State also dropped the allegation that he had committed a new crime from its motion to revoke probation.

On February 26, 2025, the district court learned that Welch had missed a meeting with his probation officer and revoked his bond without notice. On February 27, 2025, after Welch had spent more than 24 hours incarcerated in the county jail, he posted a $15,000 appearance bond. On March 5, 2025, the district court ordered Welch to submit to a urinalysis test. The results revealed that Welch had tested positive for the use of alcohol, methamphetamines, and amphetamines.

The district court advised Welch that he would be tested for illegal substances at least five more times before his probation revocation hearing. The district court futher explained:

> "You'll meet with your community corrections officer as he or she directs, every time in between now and then. I'm going to test you every time between now and then. And you know what I'm going to find, I'm going to find you positive every time because you're an addict and you can't stop. That's the bottom line here. So, if you're interested, I'm all in on getting you help. If you want help, and you want to get ahead of this matter, and quit doing the rabbit on the wheel type of thing, I'm all in on that. But this deal of you, we're going to come back here again. It's going to be the same thing. You're going to test positive in between now and then.
>
> . . . .

"You're positive, you've done methamphetamine, my guess is, within the last 24 hours. You've consumed alcohol probably within the last 24 hours. But I don't know that. So, you're going to get a break today, Mr. Welch. But at some point, in time, the day of reckoning is coming, and if you need help, ask for it. Ask your attorney for it. Ask your community corrections officer for it. Now is the time, okay?"

On March 19, 2025, the district court held a hearing on the motion to revoke probation. At the hearing, Welch stipulated to violating the terms of his probation by failing to report and failing to participate in drug and alcohol treatment as directed. According to Welch, he had been meeting with his probation officer, had secured a full-time job, was attending narcotics anonymous meetings, and had submitted negative urinalysis samples on several occasions since his last court hearing.

Welch asked the district court for another chance to successfully complete the terms of his probation. On the other hand, the State argued that Welch's probation should be revoked and that he did not "deserve a further third or fourth opportunity on probation." The district court then asked Welch why he did not report to his probation officer from November of 2022 to December of 2024. Welch responded that he had been in custody in Saline County during that time period.

The district court ultimately determined that Welch was in violation of the conditions of his probation. Finding that Welch was "not amenable" to successfully completing probation, the district court revoked his probation and ordered him to serve his original 49-month presumptive prison sentence. The district court awarded Welch 61 days of jail time credit for the time he was incarcerated in the Dickinson County jail. But it does not appear that the district court awarded him with any jail time credit for the days in which he was incarcerated in the Saline County jail to which he may also be entitled.

Thereafter, Welch filed a timely notice of appeal.

4

*Probation revocation*

Welch first contends that the district court erred by revoking his probation and ordering him to serve his original prison sentence. He argues that the district court should have given him another opportunity to successfully complete probation after it had offered to help him if he complied with drug and alcohol treatment. Still, Welch acknowledges that the district court did not make a mistake of fact or law. Instead, he argues that the district court's order was "capricious" and constituted an abuse of discretion.

Generally, once a probation violation has been established—as was done in this case—the district court has discretion to revoke probation unless it is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). In particular, K.S.A. 22-3716(b) and (c) require a district court to impose graduated intermediate sanctions before revoking probation under certain circumstances. Here, it is undisputed that the district court was not required to impose a graduated intermediate sanction because Welch had been granted a dispositional departure from a presumptive prison sentence and he had already been ordered to serve a three-day intermediate jail sanction. See K.S.A. 22-3716(c)(1)(C) and (c)(7)(B).

In exercising its discretion, the district court must act within the statutory framework enacted by the Kansas Legislature. See K.S.A. 22-3716. Judicial discretion is abused only if the act: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting that the district court abused its discretion—in this case Welch—bears the burden of showing such abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Welch asserts that the district court should not have revoked his probation after it had challenged him to comply with a stringent urinalysis testing schedule. Welch suggests that the district court "functionally *has* to grant relief when the defendant meets the challenge." Likewise, he claims that "[n]o reasonable judge would decline to uphold their end of this type of challenge because doing so would undermine public faith in the integrity of the court." Evidently, Welch believes that the district court made a "deal" with him and failed to uphold its end of the bargain.

Nevertheless, based on our review of the record on appeal, we do not find that the district court entered into an agreement or "deal" with Welch. As discussed above, it is Welch who has the burden to establish that the district court abused its discretion. See *Tafolla*, 315 Kan. at 328. At most, the record reflects the district court's desire that Welch stay clean and test negative for drug and alcohol use on his urinalysis tests. But the record does not show that there was a quid pro quo or agreement between the district court and Welch to reinstate his probation if he tested negative. Moreover, at the time the district court challenged Welch to stay clean, it did not yet have all the information regarding his probation violations.

As a matter of law, the district court had the authority to revoke Welch's probation based on his stipulation and to order him to serve the underlying presumptive prison sentence. See K.S.A. 22-3716(c)(1)(C) and (c)(7)(B). Furthermore, a review of the record reveals that at the probation revocation hearing, the district court took multiple factors into consideration in addition to his recent clean urinalysis test results. Specifically, the district court considered Welch's crime of conviction, his criminal history score, and his history while serving on probation. This history included his failure to report to his probation officer from November 2022 until December 2024. Under these circumstances, we do not find that the district court acted unreasonably or capriciously in revoking Welch's probation or in ordering him to serve his original prison sentence.

In summary, the record reflects that the district court gave Welch the opportunity to succeed on probation notwithstanding his criminal history score and that under the sentencing guidelines a presumptive prison sentence would have been appropriate. Moreover, even after Welch failed to initially report to his probation officer as he was required to do, the district court gave him another opportunity by ordering him to serve a three-day intermediate jail sanction. Afterward, Welch failed to comply with court-ordered substance abuse treatment. He then continued to violate the terms of his probation by failing to report to his probation officer from November 2022 to December 2024.

Even though Welch was able to test negative and meet with his probation officer in the weeks prior to his probation revocation hearing, the district court retained its discretion to revoke his probation and to require him to serve his underlying sentence. It is not our role to substitute our judgment for that of the district court. Rather, it is our role to determine whether the district court abused its discretion. Here, based on our review of the record, we do not find that the district court acted unreasonably, arbitrarily, or capriciously. Accordingly, we affirm the district court's judgment.

*Jail time credit*

For the first time on appeal, Welch also contends that he is entitled to receive additional jail time credit. In support of his contention, Welch argues that he is entitled to receive credit for the time he spent in both the Dickinson County jail and in the Saline County jail while this case was pending. In response, the State contends that Welch did not preserve this argument for appeal. In the alternative, the State argues that if Welch is entitled to additional jail time credit, then the case should be remanded to the district court to determine the specific number of days that should be awarded.

Interpretation of the jail time credit statute—which is found at K.S.A. 21-6615—involves a question of law over which our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Still, we are duty bound to follow the Kansas Supreme Court's interpretation of Kansas statutes unless there is an indication that it is reconsidering its prior precedent. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

Welch acknowledges that he did not raise the jail time credit issue before the district court. However, because our Supreme Court decided *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025)—which clarifies how jail time credit is to be calculated—while his direct appeal was pending, we find that Welch is entitled to the benefit of this clarification of the law. See *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Additionally, we find that the resolution of this issue is appropriate to potentially prevent the denial of a fundamental liberty interest. See *Ervin*, 320 Kan. at 306. So, we exercise our discretion to consider this issue for the first time on appeal.

In *State v. Hopkins*, 317 Kan. 652, 656-57, 537 P.3d 845 (2023), our Supreme Court analyzed K.S.A. 2022 Supp. 21-6615(a). In doing so, it held the sentencing court is required to award jail time credit for "for all time spent in custody pending the disposition of his or her case." 317 Kan. at 657. Then, in *Ervin*, our Supreme Court further explained that K.S.A. 21-6615(a) requires credit for all time spent incarcerated pending the disposition of a case, "regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. We also note that our Supreme Court recently reaffirmed its holding in *Ervin* in the case of *State v. Zongker*, 322 Kan. 137, 139, 586 P.3d 769 (2026). Hence, we find no indication that the holding in *Ervin* will be modified in the foreseeable future.

In the present case, because Welch's convictions resulted from acts committed in June 2021, we find that K.S.A. 2020 Supp. 21-6615—as interpreted by *Hopkins* and

8

*Ervin*—controls the amount of jail time credit to be awarded. See *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022). In light of the holdings in *Ervin* and *Zongker*, we find that K.S.A. 2020 Supp. 21-6615(a) applies in this case. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). Furthermore, we find that Welch is likely entitled to additional jail time credit for all the days he spent incarcerated awaiting the disposition of this case even if he has also received credit in another case.

As the parties are aware, the Kansas Legislature amended K.S.A. 21-6615(a) in 2024 to preclude the award of duplicative jail time credit. L. 2024, ch. 96, § 7. But as this court has previously found, our Legislature did not include language in the amendment to suggest that the 2024 amendment applies retroactively. See *State v. Mitchell*, 66 Kan. App. 2d 196, 204, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026). As a result, we find that the 2024 amendment to K.S.A. 21-6615 is not applicable to this case.

We also pause to note that the 2026 Kansas Legislature has amended K.S.A. 21-6615(a) to include language regarding retroactivity. K.S.A. 21-6615(d)(1), as amended by L. 2026, ch. 62, § 1. Yet we also realize that this amendment is not effective until July 1, 2026, and neither party has argued that the 2026 amendment applies to this case. Consequently, we take no position on any potential impact the 2026 amendment might have on jail time credit that Welch is entitled to receive under K.S.A. 21-6615.

Finally, we recognize that the district court did not have the benefit of the Kansas Supreme Court's decisions in *Ervin* or *Zongker* when it decided the amount of jail time credit to award Welch. Nevertheless, these decisions represent binding precedent both on our court and on the district court. See *Patton*, 315 Kan. at 16. Hence, we remand for a determination of whether Welch is entitled to receive any additional jail time credit based on K.S.A. 2020 Supp. 21-6615(a).

Affirmed in part and remanded with directions.